## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

COLONY CAPITAL, LLC, *derivatively on* )
*behalf of PsyBio Therapeutics, Inc.*, )
            )
       *Plaintiff*, )
            )   No. 20 C 3885
      v. )
            )   Judge Virginia M. Kendall
EVAN LEVINE, ROSS CARMEL, )
ROBERT NATHAN, and )
CARMEL, MILAZZO & DICHIARA LLP, )
            )
      *Defendants*. )

### MEMORANDUM OPINION & ORDER

Before the Court are Defendants' Motions to Dismiss for Lack of Personal Jurisdiction. (Dkts. 21, 23.)[1] As Defendants are citizens of states other than Illinois, Colony Capital asserts that Defendants are subject to personal jurisdiction only on a theory of specific jurisdiction. For the reasons set forth below, this Court lacks personal jurisdiction over Defendants, so the Motions to Dismiss are granted.

### BACKGROUND

This case is related to another case pending before this Court, *PsyBio Therapeutics v. Corbin*, 20-cv-3340. In that case, PsyBio sued Richard Corbin, a domiciliary of Illinois, following his purported removal from PsyBio's Board of Directors and termination of his position as an officer of PsyBio for, *inter alia*, breaching his fiduciary duties to PsyBio. In this action, Colony

---

[1] Mr. Milazzo, whose Motion to Withdraw has since been granted, filed a motion to dismiss on behalf of Ross Carmel and Carmel, Milazzo & Dichiara LLP's ("CMD"). Normally in such a situation, the Court would dismiss the motion and allow the new attorney of record to refile. Here, however, John Stimson, who is now representing all four defendants filed a nearly identical motion on behalf of Mr. Nathan and Mr. Levine. The Court therefore can infer that Mr. Stimson would adopt the other motion as his own.

Capital, LLC, the sole owner of which is Richard Corbin, purports to bring a derivative action against the other shareholders of the corporation on account of actions they took vis-à-vis Corbin's relationship to PsyBio. As the Court explains in a companion Order, this case is more accurately described as a direct action, not a derivative action because the injuries alleged are really injuries to Mr. Corbin, not injuries to PsyBio as an entity.

## LEGAL STANDARD

At early stages in litigation and without the benefit of an evidentiary hearing, a plaintiff defending against a 12(b)(2) motion to dismiss "bears only the burden of making a prima facie case for personal jurisdiction." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423 (7th Cir. 2010). A complaint need not contain facts alleging personal jurisdiction. Once a 12(b)(2) motion has been filed, however, the Court may review the "relevant facts presented in the record" to determine whether the plaintiff has met her burden. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

## BACKGROUND

The following factual allegations come from Colony Capital's combined response to the instant Motions and affidavits attached thereto. (Dkt. 33.) The allegations are undisputed for purposes of these Motions and they form the basis of Colony Capital's contention that this Court has personal jurisdiction over Defendants.

Ross Carmel is a citizen of New York and a founding member of the Board of PsyBio. Prior to PsyBio's incorporation, Ross Carmel sought CMD's assistance with the incorporation process and emailed Ross Corbin CMD's retainer agreement. Corbin received that email at his Libertyville, Illinois office.

2

PsyBio's genesis traces back to a February 2019 phone call when Evan Levine called Corbin at his Libertyville office to see if he was interested in locating assets that would enable them to start a company to find treatments for certain mental and emotional illnesses.

Corbin was the sole incorporator of PsyBio. From his office in Libertyville, he filed PsyBio's certificate of incorporation on January 21, 2020, and adopted a resolution appointing Levine, Carmel, and Corbin as directors. On February 7, the three directors had a conference call while Corbin was in Illinois, Levine was in California, and Carmel was in New York, during which they elected the company's officers, ratified bylaws, and authorized the issuance of shares.

Sometime thereafter, Carmel contacted Corbin via email, which Corbin received in Illinois, requesting that Corbin set up a bank account for PsyBio in Chicago. In March, Levine emailed Corbin at his office in Illinois attempting to raise additional capital to fund PsyBio. The email included a spreadsheet of potential investors, including domiciliaries of Illinois.

In April, 2020, while Corbin was at his Illinois office, Levine emailed Corbin outlining the terms of an agreement by which a private equity firm would become a PsyBio investor. Levine and Corbin then had a telephone call about the matter while Corbin was in Illinois. Corbin noted his objection to the deal.

On or about May 1, 2020, Levine emailed Corbin directing Corbin to be available on May 4 for a Board meeting to vote on the dissolution of PsyBio. He received this email at his Libertyville office. On May 4, the Board met telephonically. Corbin called in from his Libertyville office. During the meeting, Corbin dissented from the proposed dissolution, while the others voted in favor. Around this same time, Levine and Carmel formed another company called PsyBio Life Sciences.

In the following days, Corbin, Levine, and Carmel exchanged emails regarding the May 4 meeting minutes. Carmel's emails, which Corbin received in Illinois, accused Corbin of changing email passwords and explained that his conduct constituted tortious interference and could subject him to a variety of derivative claims.

On May 6, the other shareholders of PsyBio executed written consents purporting to remove Corbin as a member of the Board. Carmel and Levine then emailed him at his Libertyville office to inform him of his removal.

Between January 1, 2019 and May 1, 2020, Corbin and Levine spoke on the phone about PsyBio approximately 700 times while Corbin was at his Libertyville office. Levine initiated those calls approximately half of the time. During that same period, Corbin and Levine exchanged 355 emails.

During that same period, Nathan communicated with Corbin via email approximately 60 times and via phone approximately 35 times while Corbin was in Libertyville. Likewise, Carmel and Corbin exchanged 32 emails and spoke on the phone on multiple occasions over that period, all while Corbin was in Libertyville.

In *PsyBio Therapeutics v. Corbin*, 20 C 3340, PsyBio, the shareholders of which are all defendants in this action, sued Corbin in this Court. To date, CMD has submitted multiple filings in that case and Levine submitted an affidavit.

## DISCUSSION

Pursuant to the Illinois long-arm statute, federal courts in Illinois have personal jurisdiction over parties to the extent permitted by the Due Process clause of the Fourteenth Amendment. *uBID, Inc.*, 623 F.3d at 425. The Constitutional requirement is that a party must have "'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions

4

of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction exists wherever the defendant has deliberately established contacts with the forum state, "or in other words, he must purposefully avail himself of the forum state 'such that he should reasonably anticipate being haled into court there.'" *Philos Techs, Inc. v. Philos & D, Inc.*, 802 F.3d 905, 923 (7th Cir. 2015) (quoting *King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)). "It is the defendant—not the plaintiff . . . that must create the contacts in the forum state . . . ." *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Personal jurisdiction does not exist where the defendant's contacts with the forum state are merely "'random, fortuitous, or attenuated.'" *Walden*, 571 U.S. at 286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Depending on the extent of a party's contacts with the forum state, a federal court may have general or specific personal jurisdiction over the party. Plaintiff here only pursues a specific jurisdiction theory. Specific jurisdiction exists where a defendant's suit-related conduct creates a substantial connection with the forum state. *Walden*, 571 U.S. at 284. Such conduct is sufficient to establish specific jurisdiction only where the "defendant himself" creates contact with the forum state; the relevant factor is the "defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Id.* at 284–85. "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Marketing, LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (internal quotations omitted). In other words, "the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Id.* (internal quotations omitted).

Colony Capital essentially has two factual bases on which it relies in support of its contention that this Court has personal jurisdiction over Defendants: (1) Defendants emailed and called Corbin while he was in Illinois about business concerns that precipitated this litigation, and (2) Defendants led PsyBio to file the related lawsuit, thereby purposefully availing themselves of the laws of Illinois.

*Walden* directly controls Colony Capital's first proposed basis for personal jurisdiction. The only relevant contacts by defendants here were with a person in Illinois, not with the forum state itself. That Defendants called and emailed a person located in Illinois creates contacts with a person, not with the forum. *See Walden*, 571 U.S. at 285 ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. . . . Accordingly, we have upheld the assertion of jurisdiction over defendants who have purposefully reached out beyond their State and into another by, for example, entering a contractual relationship that envisioned continuing and wide-reaching contacts in the forum State, or by circulating magazines to deliberately exploit a market in the forum State.") (internal citations and quotations omitted). Here, Defendants reached out to Corbin, who happened to be in Illinois. That Corbin was located in Illinois was merely fortuitous. *C.f. Burger King*, 471 U.S. at 475. Nothing about Defendants' contacts with Mr. Corbin suggests a contemplation of continuing and wide-reaching business contacts with Illinois. Indeed, Corbin's primary role at PsyBio appears to have been establishing a business relationship with Miami University in Ohio.

As to whether filing another lawsuit in this jurisdiction can give rise to personal jurisdiction, it is first important to note that Defendants in this case are not the same as the plaintiff in the related case. In the other case, PsyBio is the plaintiff; in this case, Defendants are shareholders and directors of PsyBio as individuals. Even assuming that the Court would pierce

6

the corporate veil to determine that Defendants and PsyBio are one and the same, Colony Capital has not offered any authority for the proposition that filing one lawsuit and participating in that litigation establishes the minimum contacts necessary to give rise to personal jurisdiction in another lawsuit. PsyBio sued Corbin in this Court because Corbin happens to be a domiciliary of Illinois. That is not the kind of purposeful availment needed to give rise to personal jurisdiction. Corbin's domicile is a random, fortuitous fact that does not suggest purposeful availment on the part of Defendants. If the Court accepted this argument, the logical extension would be that filing a lawsuit in a particular court forever subjects the filer to personal jurisdiction in that court even for claims not filed as counter-claims. Moreover, except for the fact that Corbin is from Illinois, Defendants' actions giving rise to this lawsuit—namely, removing Corbin from the Board and firing him—were not directed at Illinois. On these facts, Colony Capital has failed to meet its burden to establish that this Court has personal jurisdiction over Defendants.

## CONCLUSION

For the reasons set forth above, the Motions to Dismiss [21, 23] are granted and the Amended Complaint [9] is dismissed without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: January 13, 2021