# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PSYBIO THERAPEUTICS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 20 C 3340 |
| v. | ) | |
| | ) | |
| RICHARD CORBIN, | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |
| | ) | |
| COLONY CAPITAL, LLC, *derivatively on behalf of PsyBio Therapeutics, Inc.*, | ) ) | |
| | ) | |
| *Plaintiff*, | ) | No. 20 C 3885 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| EVAN LEVINE, ROSS CARMEL, ROBERT NATHAN, and CARMEL, MILAZZO & DICHIARA LLP, | ) ) ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION & ORDER

The above-captioned cases are pending before this Court as related because they are both corporate governance issues revolving around PsyBio Therapeutics, Inc. ("PsyBio") and Richard Corbin's role in that company. The issue currently before the Court is whether the law firm of Carmel, Milazzo & Dichiara LLC ("CMD") is permitted to represent PsyBio in case number 20-cv-3340 (the "fiduciary duty action") and/or itself and a partner and director of PsyBio, Ross Carmel, in case number 20-cv-3885 (the "derivative action"). Corbin has moved to disqualify CMD (Dkt. 50 in 20-cv-3340) on the grounds that the firm has a conflict of interest. CMD has since moved to withdraw from the derivative action and substitute other counsel (Dkt. 42 in 20-

1

cv-3885), but Corbin does not believe this is a sufficient remedy because CMD is also conflicted out of the fiduciary duty action. For the reasons set forth below, the Motion to Disqualify is denied and the Motion to Withdraw and Substitute is granted.

The Court begins by assessing the factual situation that would exist were the Court to grant the Motion to Withdraw and Substitute. The Parties agree to that relief. In that situation, CMD would only represent PsyBio in its fiduciary duty action against Corbin. Prior to the events giving rise to this litigation, CMD was one of four shareholders of PsyBio—the other three being Levance Prospects, LLC (owned by Evan Levine), Robert S. Nathan, and Colony Capital, LLC (owned by Richard Corbin). (Dkt. 1 ¶ 18 in 20-cv-3340.) Along with Richard Corbin and Evan Levine, a named partner of CMD, Ross Carmel, was also one of the three members of PsyBio's Board. On May 6, 2020, Corbin received an email from Carmel containing documents signed by the other three shareholders, Levine, Nathan, and CMD (signed by Carmel, in his capacity as partner of CMD), which purported to remove Corbin from his position as a director of the corporation. (Dkt. 23 at pp. 27–30.) Thus, the fundamental question that the Court must answer to resolve this Motion is whether it is appropriate for a law firm that is a shareholder of a closely-held corporation, and whose named partner sat on the board of directors, to represent the corporation in an action against a former director who was removed from his position on the board by a vote of the shareholders.

Motions for disqualification are generally disfavored because disqualification "'deprives a party of the representative of their choosing.'" *RMB Fasteners, Ltd. v. Heads & Threads Int'l, Inc.*, 11 C 2071, 2012 WL 245124, at *2 (N.D. Ill. Jan. 25, 2012) (quoting *Mercury Vapor Processing Techs., Inc. v. Vill. of Riverdale*, 545 F. Supp. 2d 783, 787 (N.D. Ill. 2008)). That is a "'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Id.* Accordingly, the moving party bears a heavy burden of proving facts required for disqualification

under the Model Rules of Professional Conduct. *RMB Fasteners*, 2012 WL 245124, at *2 (citing *Commonwealth Ins. Cp. v. Stone Container Corp.*, 178 F. Supp. 2d 938, 943 (N.D. Ill. 2001)).

The American Bar Association's Model Rules of Professional Conduct generally govern the professional responsibilities of lawyers appearing before this Court. *See* N.D. Ill. L.R. 83.50. Corbin seeks to disqualify CMD from representing PsyBio on the basis that this representation violates Model Rules 1.7, 1.8, and 3.7. The Court addresses each of these contentions in turn.

### I.      Model Rule 1.7

Model Rule 1.7(a) provides that a lawyer "shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

In an apparent attempt to avoid a possible violation of this Rule, attorney Christopher Milazzo of CMD moves to withdraw from his representation of Carmel and CMD, in the derivative action. The defendants in the derivative action seek to replace Milazzo with John Stimson of the Law Office of John F. Stimson. Corbin does not believe that this solves any conflict, but instead replaces one conflicted attorney with another. Mr. Stimson already represents Mr. Levine and Mr. Nathan in the derivative action and is co-counsel with Milazzo and Michael Nacht of CMD for PsyBio in the fiduciary duty action.

To determine whether Mr. Stimson's representation of the derivative action defendants comports with Rule 1.7, the Court must first assess the nature of the action. Defendants argue that the derivative action is not a derivative action at all, but rather a direct action brought by Colony

3

Capital to redress injuries caused to Colony Capital, not to PsyBio. On a superficial level, the Amended Complaint alleges elements of a direct and derivative nature. On the one hand, the Amended Complaint seeks redress for the "improper[] dilut[ion] and eliminat[ion] of Colony Capital LLC's substantial equity interest in PsyBio Therapeutics." (Dkt. 9 ¶ 1 in 20-cv-3885). That is a direct claim because the injury alleged is not an injury to the corporation, but rather to an individual shareholder. *See Weinstein v. Schwartz*, 422 F.3d 476, 478 (7th Cir. 2005) (explaining that whether an action is derivative or direct in nature depends on who suffered the alleged harm and who would receive the benefit of the remedy sought). On the other hand, the Amended Complaint also purports to seek redress for "placing the company's most important contract in jeopardy," thereby injuring PsyBio. (Dkt. 9 ¶ 1.) But this second allegation is largely undeveloped in the Amended Complaint. The main thrust of the Amended Complaint is that the acts of the derivative action defendants injured Colony Capital (*i.e.*, Corbin). After detailing the injuries caused to Colony Capital in paragraphs 1–41, the Amended Complaint concludes in paragraphs 42–57, without supporting allegations of fact, that the alleged acts injured PsyBio as an entity. (*See, e.g.*, Dkt. 9 ¶ 48: explaining that as a result of the dilution of Colony Capital's interest and Corbin's termination, PsyBio was injured). Even these latter paragraphs make clear that this is in substance a direct action. (*See, e.g.*, Dkt. 9 ¶ 45: complaining of injury caused to Colony Capital as a result of Corbin's removal from the board and dilution of his interest in the company; *id.* ¶ 52: explaining that Defendants had "a meeting of the minds between and among Defendants to commit wrongful acts against Corbin described herein;" *id.* ¶ 53: explaining that Defendants unlawfully removed Corbin and improperly diluted his ownership interest; *id.* ¶ 57: explaining that "[t]he shareholders of PsyBio, including Colony Capital LLC, have been damaged as a direct and proximate cause [sic] of Defendants' conduct").

4

Were the later-filed action truly a derivative suit, the Court would have to delve into a somewhat disputed area of the rules of professional responsibility. Having determined that the second action is a derivative action in-name-only, however, there is no concurrent conflict of interest here. Mr. Stimson's representation of PsyBio in the fiduciary duty action is consistent with his defense of the current directors and shareholders in the "derivative" action.

**II.      Model Rule 1.8(i)**

Model Rule 1.8(i) prohibits a lawyer from taking a "proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client," except in certain circumstances that are not relevant here. Corbin contends that CMD and Milazzo cannot represent PsyBio in the fiduciary duty action because CMD is a shareholder of PsyBio and as such has a proprietary interest in the outcome of the litigation. The Comments to Rule 1.8(i) explain that the rule "is designed to avoid giving the lawyer too great an interest in the representation" because "when the lawyer acquires an ownership interest in the subject of the representation, it will be more difficult for a client to discharge the lawyer if the client so desires." There is little case law, binding or otherwise, that would assist the Court in resolving the precise question before the Court—namely, whether a lawyer whose law firm owns a minority interest in a closely-held corporation and whose partner is one of three members of the Board of the corporation has a proprietary interest in the litigation when the litigation could result in some monetary gain to the corporation and, by extension, to its shareholders.

The Court does not find that Milazzo or CMD has a proprietary interest in the litigation within the meaning of Rule 1.8(i) because regardless of the outcome of this litigation, CMD will not obtain a greater percentage of the shares of PsyBio. Were PsyBio requesting that Colony Capital's shares of PsyBio somehow be eliminated, CMD would stand to gain financially in that

5

its 1,200,000 shares in PsyBio would equate to a 5.7% ownership interest instead of the present 3.8%. That is not the situation, here, however, where the relief PsyBio seeks is money damages and injunctive relief that would only benefit CMD if it resulted in each share becoming more valuable or in the payment of some dividend. In this way, this case is similar to *Eon Streams, Inc. v. Clear Channel Commc'ns, Inc.*, 05 CV 578, 2007 WL 954181, at 7–8 (E. D. Tenn. Mar. 27, 2007), in which the court held that owning stock in a closely held corporation is not enough to establish a proprietary interest in the litigation. Here, CMD's potential financial gains stemming from this lawsuit are speculative and *de minimis*. As such, the facts here do not trigger the concern of Rule 1.8(i) regarding the client's ability to discharge the lawyer if it so chooses. CMD's relatively small ownership interest, which will remain unchanged even if PsyBio obtains all the relief its seeks in this suit, does not interfere with PsyBio's ability to fire CMD and Mr. Milazzo if it so chooses.

### III.    Model Rule 3.7(a)

Model Rule 3.7(a) prohibits a lawyer from acting as trial counsel if he is likely to be a necessary witness at trial. It is uncontested that Ross Carmel, as a member of the Board that voted Corbin out, will be a necessary witness at trial. That being said, Mr. Milazzo, not Mr. Carmel, is meant to be trial counsel in the fiduciary duty action. Mr. Milazzo is not going to be a witness at the trial, much less a necessary witness. On these facts, Corbin and Colony Capital have identified no violation of this Rule.

## CONCLUSION

Corbin and Colony Capital have not met their high burden on a motion for disqualification to identify a clear violation of the Model Rules of Professional Conduct. Accordingly, the Motion to Disqualify (Dkt. 50 in 20-cv-3340) is denied, the Motion to Withdraw (Dkt. 42 in 20-cv-3885) is granted, and Colony Capital's Motion to Join (Dkt. 35 in 20-cv-3885) is granted. The result is that Milazzo and CMD may remain as counsel in 20-cv-3340, but Mr. Stimson shall be the sole attorney for Defendants in 20-cv-3885.

_____
Virginia M. Kendall
United States District Judge

Date: January 13, 2021